IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TAMMY MILLER,

   Plaintiff,

vs.             No. 07-2699-JDB/dkv

PRIMACY RELOCATION,

   Defendant.

_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE
_____

  Plaintiff Tammy Miller has filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., with an application to proceed in forma pauperis under 28 U.S.C. § 1915(a). The motion to proceed in forma pauperis is GRANTED. The Clerk of Court is ORDERED to file the case and to record the Defendant as Primacy Relocation.

  Plaintiff Miller has also filed a motion for appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly,

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989).

under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent herself. Furthermore, it does not appear from the affidavit supporting her motion that she will be unable to obtain counsel on her own. The motion is DENIED.

Plaintiff alleges that she was discriminated against on the basis of her race while employed by the Defendant. Plaintiff attached a copy of a Notice of Right to Sue issued on August 3, 2007, which she alleges that she received on August 5, 2007.

It is ORDERED that the Clerk shall issue process for the Defendant on Plaintiff's claims of violation of Title VII and deliver said process to the marshal for service. Service shall be made on Defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(h)(1) and Tenn. R. Civ. P. 4.04(4) if mail service is not effective.

It is ORDERED that the Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the Defendant, or on Defendant if it has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 26th day of November, 2007.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE